MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulmas Nigmatov,<br><br>　　　　Petitioner,<br><br>v.<br><br>Donald J. Trump, et al.,<br><br>　　　　Respondents. | No.   CV-26-01309-PHX-SPL (MTM)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1]  (Doc. 1.)

Petitioner entered the United States in 2022 and, after a short period of detention, was released on his own recognizance pending his immigration proceedings.  On October 16, 2025, Petitioner was re-detained by Immigration and Customs Enforcement officials without a pre-deprivation hearing.  Petitioner seeks release from custody.

Numerous courts have concluded that individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process.  *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo*

---

[1] In addition to his Petition, Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2).  Petitioner subsequently filed an Amended Motion for Temporary Restraining Order (Doc. 4).  Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture.  Therefore, the Court will deny the Amended Motion without prejudice.

*v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1)  Petitioner's Amended Motion for Temporary Restraining Order (Doc. 4) is **denied without prejudice**.

(2)  Counsel for Petitioner must immediately serve the Petition (Doc. 1) on Respondents.

(3)  If not already issued, the Clerk of Court must issue any properly completed summonses.

(4)  The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)  Respondents must show cause no later than **March 4, 2026**, why the Petition should not be granted.

. . . .

. . . .

. . . .

(6)  Petitioner may file a reply no later than **March 6, 2026**.

Dated this 25th day of February, 2026.

_____
Honorable Steven P. Logan
United States District Judge